IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| WEST SHORE HOME, LLC | * |
| Plaintiff, | * |
| v. | *   Civil Case No. SAG-22-02873 |
| SPICER BROS. CONSTRUCTION, INC. *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff West Shore Home, LLC, formerly known as West Shore Window & Door, Inc. ("West Shore"), filed this action against five of its former employees (the "Employee Defendants"), including Jeffrey Kadera ("Kadera"), and a competitor company, Spicer Bros. Construction, Inc. ("Spicer Bros."). ECF 47. The Second Amended Complaint generally alleges that Spicer Bros. hired Kadera and the other four employees away from West Shore and persuaded them to breach their non-disclosure and non-solicitation agreements with that company. *Id.* Kadera has now filed a Motion to Dismiss the claims against him. ECF 50. The issues have been fully briefed, ECF 51, 52, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Kadera's motion will be granted and the claims against him will be dismissed without prejudice.

I.   **BACKGROUND**

The following facts are derived from the Second Amended Complaint, ECF 47, and are taken as true for purposes of evaluating Kadera's Motion to Dismiss.

1

West Shore provides bathroom remodeling services in addition to its other services. *Id.* ¶ 9. Spicer Bros. has a similar home remodeling company in the same geographic region. *Id.* ¶ 10. On or about March 12, 2021, West Shore acquired Herl's Bath and Home Solutions and hired many of Herl's employees, including Kadera and three of the other Employee Defendants in this case. *Id.* ¶¶ 26-34. West Shore separately hired Eure, the fifth Employee Defendant, in May, 2021. *Id.* ¶ 35. Each of the Employee Defendants came into possession of West Shore's confidential business information and trade secrets during the course of their employment with the company. *Id.* ¶ 37. They each also executed an Employment Agreement when hired, which included both non-disclosure and non-solicitation provisions. *Id.* ¶¶ 38-42.

In or around October, 2022, Spicer Bros. decided to expand its bathroom renovation business and "began to poach West Shore's employees and encouraged West Shore employees to violate their employment agreements by soliciting other employees and disclosing West Shore's confidential information to Spicer Bros. in the process." *Id.* ¶¶ 45-46. Accordingly, "Defendants Eure, Kadera, Price, Craige, and Gribbell have solicited several West Shore employees to leave their employment with West Shore and to join Eure, Kadera, Price, Craige, and Gribbell at Spicer Bros." *Id.* at 52. The Second Amended Complaint also contains specific examples, with respect to each of the other four Employee Defendants, about particular West Shore employees they attempted to solicit, but contains no such allegations with respect to Kadera. *Id.* ¶¶ 53-56. West Shore also alleges that "[t]he Employee Defendants and Spicer Bros. solicited" Chad Culver, one of "West Shore's top Installers." *Id.* ¶¶ 57-59. The Amended Complaint further states that the "Employee Defendants solicited West Shore employee Daniel Peugh to leave West Shore and work for Spicer Bros.," *id.* ¶ 60, and "disclosed West Shore's confidential and proprietary information to Spicer Bros," *id.* ¶ 62. The Amended Complaint contains allegations about specific

confidential information shared with Spicer Bros. by defendant Price and non-defendant Culver, but not Kadera. *Id.* ¶¶ 62-63.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions[.]") (quotation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

3

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Federal courts may consider documents incorporated into a complaint by reference without converting a 12(b)(6) motion into a motion for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

### III. DISCUSSION

The question for this Court is whether the Second Amended Complaint contains sufficient factual allegations to state a plausible claim that Kadera breached his employment agreement by soliciting West Shore employees or sharing confidential information, disclosed any of West Shore's trade secrets, or conspired with the other co-defendants to harm West Shore. As presently pleaded, it does not. While this Court agrees with West Shore that there is no heightened pleading standard for these claims, the Second Amended Complaint is devoid of any specific allegations of any actions taken by Kadera at all. The only potentially relevant allegations either refer generally to "the Employee Defendants" or state that Kadera and the other Employee Defendants solicited West Shore employees, without providing any particulars as to who those solicitations were directed, how they were made, or when they occurred. *See, e.g.*, ECF 47 ¶ 52. These overly broad assertions are insufficient to place Kadera on notice as to the allegations of his own wrongful conduct. While group pleading can be permissible in certain circumstances, it must be "plausible that each defendant was involved in all of the facts as alleged." *See Sprint Nextel Corp. v. Simple Cell, Inc.*, Civil No. CCB-13-617, 2013 WL 3776933, at *2 (D. Md. July 17, 2013). West Shore here simply attempts to use group pleading to extend its allegations to Kadera, without pleading any plausible factual basis to do so.

Additionally, the Second Amended Complaint is devoid of any allegations regarding the circumstances of Spicer Bros.' hiring of the five named Employee Defendants. This Court is left to guess as to whether Kadera and the other Employee Defendants were hired in concert or were simply individual hires by Spicer Bros. at different times, which might render the notion of conspiratorial conduct and joint action less plausible.

This Court will therefore dismiss the claims against Kadera as pleaded, allowing West Shore fourteen days to file a Third Amended Complaint to clarify the plausible factual basis for its claims against him.

## IV. CONCLUSION

For the reasons set forth above, Kadera's Motion to Dismiss, ECF 50, is GRANTED WITHOUT PREJUDICE. West Shore will be granted fourteen days to file an amended complaint rectifying the deficiencies identified herein. A separate Order follows.

Dated: April 11, 2023                                /s/
                                                                Stephanie A. Gallagher
                                                                United States District Judge